FILED

1   NICOLA T. HANNA
    United States Attorney              2019 JUL 25 PM 4:06
2   BRANDON D. FOX
    Assistant United States Attorney    CLERK U.S. DISTR...
3   Chief, Criminal Division            CENTRAL DIST...
    VALERIE L. MAKAREWICZ (Cal. Bar No. 229637)   LOS AN...
4   Assistant United States Attorney    BY:
    Major Frauds Section
5        1100 United States Courthouse
         312 North Spring Street
6        Los Angeles, California 90012
         Telephone: (213) 894-2729
7        Facsimile: (213) 894-6265
         E-mail:   Valerie.Makarewicz@usdoj.gov
8
    Attorneys for Plaintiff
9   UNITED STATES OF AMERICA

10              UNITED STATES DISTRICT COURT

11         FOR THE CENTRAL DISTRICT OF CALIFORNIA

12   UNITED STATES OF AMERICA,     No. 19 CR 00425

13            Plaintiff,           PLEA AGREEMENT FOR DEFENDANT
                                   DENNIS L. REED II
14            v.

15   DENNIS L. REED II,

16            Defendant.

17

18       1.   Subject to the approval of the Department of Justice, Tax

19   Division, this constitutes the plea agreement between defendant

20   DENNIS L. REED II ("defendant") and the United States Attorney's

21   Office for the Central District of California (the "USAO") in the

22   investigation of defendant's aiding and assisting in the preparation

23   of false income tax returns.  This agreement is limited to the USAO

24   and cannot bind any other federal, state, local, or foreign

25   prosecuting, enforcement, administrative, or regulatory authorities.

26              DEFENDANT'S OBLIGATIONS

27       2.   Defendant agrees to:

28

a.    Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a two-count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with aiding and assisting in the preparation of false income tax returns in violation of 26 U.S.C. § 7206(2).

b.    Not contest facts agreed to in this agreement.

c.    Abide by all agreements regarding sentencing contained in this agreement.

d.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.    Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.    Pay the applicable special assessments at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

h.    Make restitution at or before the time of sentencing, and not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

i.    Agree to a binding civil injunction pursuant to 26 U.S.C. §§ 7402 and 7407, if asked to do so by the Tax Division of the

2

1  Department of Justice, barring him for life from aiding or assisting
2  in the preparation of federal income tax returns for anyone other
3  than himself and his legal spouse, and barring him from representing
4  persons before the Internal Revenue Service. Defendant understands
5  that the United States will file a civil complaint against him
6  seeking this relief, and defendant agrees to consent to a permanent
7  injunction. Defendant will publish the civil injunction to all his
8  current clients.

THE USAO'S OBLIGATIONS

10  3.  The USAO agrees to:
11  a.  Not contest facts agreed to in this agreement.
12  b.  Abide by all agreements regarding sentencing contained
13  in this agreement.
14  c.  At the time of sentencing, provided that defendant
15  demonstrates an acceptance of responsibility for the offenses up to
16  and including the time of sentencing, recommend a two-level reduction
17  in the applicable Sentencing Guidelines offense level, pursuant to
18  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an
19  additional one-level reduction if available under that section.
20  d.  Recommend that defendant be sentenced to a term of
21  imprisonment no higher than the low end of the applicable Sentencing
22  Guidelines range. For purposes of this agreement, the low end of the
23  Sentencing Guidelines range is that defined by the Sentencing Table
24  in U.S.S.G. Chapter 5, Part A.

NATURE OF THE OFFENSE

26  4.  Defendant understands that for defendant to be guilty of
27  the crime charged in count one and two, that is, aiding and assisting
28  in the preparation of a false income tax return, in violation of

3

Title 26, United States Code, Section 7206(2), the following must be true:

    a.    Defendant did aid, assist, advise, procure, and counsel, the preparation and presentation to the Internal Revenue Service of a Form 1040, U.S. Individual Income Tax Return for a taxpayer-client;

    b.    The taxpayer-client's Form 1040 income tax return of . was false and fraudulent as to a material matter; and

    c.    Defendant acted willfully.

    d.    A matter is material if it had a natural tendency to influence, or was capable of influencing, the decisions or activities of the Internal Revenue Service. A defendant acts willfully when defendant knows that federal tax law imposed a duty on defendant and defendant intentionally and voluntarily violated that duty.

                    PENALTIES AND RESTITUTION

    5.    Defendant understands that the statutory maximum sentence that the Court can impose for each violation of Title 26, United States Code, Section 7206(2), is: 3 years imprisonment; a 1-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

    6.    Therefore, defendant understands that the total maximum sentence for all offenses to which defendant is pleading guilty is: 6 years imprisonment; a 1-year period of supervised release; a fine of $500,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $200.

4

7.    Defendant understands and agrees that the Court: (a) may order defendant to pay restitution in the form of any additional taxes, interest, and penalties that defendant owes to the United States based upon the counts of conviction and any relevant conduct; and (b) must order defendant to pay the costs of prosecution, which may be in addition to the statutory maximum fine stated above.

8.    Defendant agrees to make full restitution to the victim of the offenses to which defendant is pleading guilty. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim of the offenses to which defendant is pleading guilty and in amounts greater than those alleged in the counts to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty; and (b) any count dismissed and charges not prosecuted pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts and charges. The parties currently believe that the applicable amount of restitution is approximately $2,158,337, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

9.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised

1   release imposed, defendant may be returned to prison for all or part
2   of the term of supervised release authorized by statute for the
3   offense that resulted in the term of supervised release, which could
4   result in defendant serving a total term of imprisonment greater than
5   the statutory maximum stated above.

6       10.   Defendant understands that, by pleading guilty, defendant
7   may be giving up valuable government benefits and valuable civic
8   rights, such as the right to vote, the right to possess a firearm,
9   the right to hold office, and the right to serve on a jury.
10   Defendant understands that once the court accepts defendant's guilty
11   plea, it will be a federal felony for defendant to possess a firearm
12   or ammunition.   Defendant understands that the convictions in this
13   case may also subject defendant to various other collateral
14   consequences, including but not limited to revocation of probation,
15   parole, or supervised release in another case and suspension or
16   revocation of a professional license. Defendant understands that
17   unanticipated collateral consequences will not serve as grounds to
18   withdraw defendant's guilty plea.

19       11.   Defendant understands that, if defendant is not a United
20   States citizen, the felony convictions in this case may subject
21   defendant to: removal, also known as deportation, which may, under
22   some circumstances, be mandatory; denial of citizenship; and denial
23   of admission to the United States in the future.   The court cannot,
24   and defendant's attorney also may not be able to, advise defendant
25   fully regarding the immigration consequences of the felony
26   convictions in this case.   Defendant understands that unexpected
27   immigration consequences will not serve as grounds to withdraw
28   defendant's guilty plea.

FACTUAL BASIS

12.   Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 14 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Defendant, a resident of Hemet, California, in Riverside County, admits that the following occurred within the Central District of California:

a.   Defendant prepared federal income tax returns for taxpayer-clients at his residences in San Jacinto and Hemet, California.  Though defendant prepared returns for others, he did not sign their returns to identify himself to the Internal Revenue Service ("IRS") as the preparer of the returns, but rather, stated on the returns that they were "self-prepared." Defendant charged clients between $350 to $1,350 to prepare and file income tax returns.

b.   During the years 2014 through 2019, defendant willfully prepared hundreds of false federal and state income tax returns for taxpayer-clients for the tax years 2013 through 2018 (hereinafter collectively referred to as the "False Returns"). Defendant's scheme included, but is not limited to, the following false items: (1) claiming false dependents on a taxpayer-client's return, (2) falsely claiming that the taxpayer-client had a Schedule C sole proprietorship, and (3) falsely claiming that the taxpayer-

7

client was entitled to claim the American Opportunity Credits and Lifetime Learning Credits (collectively, "False Items"). Defendant would use any combination of the three False Items to generate or increase the taxpayer-clients' refund.

c. The earned income credit, child tax credit, and additional child tax credits are refundable credits and federal benefits available to individuals with low earnings who claim dependents. The American Opportunity Tax Credits (AOTC) and Lifetime Learning Credits (LLC) are credits that are partially refundable for taxpayers who attend college-level classes and incur educational expenses, such as tuition and books. In order to claim any of these credits, a taxpayer must have actually earned income during that tax year.

d. Defendant prepared at least 384 returns for taxpayer-clients that falsely stated that the taxpayer-client had earned income from Schedule C sole proprietorships. However, in fact, defendant knew that the taxpayer-clients did not work during the year at all, had not earned income, and therefore were not required to file an income tax return. Defendant also knew that the taxpayer-clients had children that could be claimed as dependents on a tax return. On the taxpayer-clients' returns, defendant created a false Schedule C business such as hair stylist, barber, or stylist, and stated that the business earned income in an amount that would generate and maximize the earned income and child tax credits. When defendant filed an income tax return and claimed the taxpayer-clients' dependents, the inclusion of phantom Schedule C income would generate large refundable credits that were refunded to defendant's taxpayer-clients, but to which they were not entitled.

1        e.   In at least 117 returns, the taxpayer-clients had

2  earned wages from their jobs throughout the tax year, but their true

3  income in combination with their true number of dependents limited

4  the amount of refundable earned income, child tax, and additional

5  child tax credits they could claim.  For some taxpayer-clients who

6  earned "too much" wage income to maximize those credits, defendant

7  filed a false Schedule C that claimed that the client earned phantom

8  income in an amount less than their phantom expenses, resulting in a

9  loss that would fraudulently decrease the client's wage income to

10  such an amount that the maximum earned income, child tax, and

11  additional child tax credits could be claimed and refunded to the

12  taxpayer-client.  For other taxpayer-clients who earned "too little"

13  wage income to maximize those credits, defendant filed a false

14  Schedule C that reported phantom income, to fraudulently boost the

15  clients' income to an amount that would maximize the aforementioned

16  refundable credits.  Defendant also falsely claimed on the tax

17  returns that the taxpayer-clients had education expenses that

18  entitled them to the AOTC and LLC.

19        f.   On at least 79 returns, the taxpayer-clients earned

20  wage income, which defendant reported on their returns, but the

21  taxpayer-clients had no dependents.  Defendant created phantom

22  Schedule C business income or losses and claimed false dependents on

23  the taxpayer-clients' returns, so that the maximum refundable credits

24  could be claimed, and the taxpayer-clients would get a refund to

25  which they were not entitled.

26        g.   On at least 114 returns, defendant falsely claimed

27  that the taxpayer-clients had education expenses that entitled them

28

1  to the AOTC and LLC.  These false claims resulted in refunds to the

2  taxpayer-clients to which they were not entitled.

3          h.    Defendant filed his taxpayer-clients' returns with the

4  IRS with the aforementioned False Items claimed on said returns,

5  intentionally and willfully, knowing that his clients were not

6  entitled to claim said credits, dependents, and/or Schedule C income,

7  and therefore, were not entitled to the refunds claimed on the

8  returns or received from the IRS.  Defendant knew that the law

9  required him to report his taxpayer-clients' credits, dependents, and

10  income accurately, and defendant voluntarily and intentionally

11  violated that duty.

12          i.    Specifically, on or about February 19, 2018, in

13  Riverside County, within the Central District of California and

14  elsewhere, defendant did willfully aid and assist in, and procure,

15  counsel, and advise the preparation and presentation to the Internal

16  Revenue Service of a false and fraudulent U.S. Individual Income Tax

17  Return, Form 1040, in the name of defendant REED's taxpayer-client

18  K.H. for the calendar year 2017.  As defendant REED well knew and

19  believed, the return was false and fraudulent as to material matters,

20  in that it falsely claimed a tax liability of $308 and a refund in

21  the amount of $5,492, based, in part, upon the following false claims

22  and items: the return falsely claimed an exemption for a dependent,

23  income from a business listed on Schedule C, the earned income

24  credit, the additional child tax credit, and the American Opportunity

25  credit, and when, in truth and in fact, as defendant then well knew

26  and believed, K.H. did not have the claimed dependent, the amount of

27  income reported for K.H. (including Schedule C business income) was

28  false, and K.H. was not eligible to claim the earned income credit,

the additional child tax credit, and the American Opportunity credit, and as such, K.H. not entitled to the refund as claimed on such tax return.

j.   Furthermore, on or about March 3, 2016, in Riverside County, within the Central District of California and elsewhere, defendant did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of a false and fraudulent U.S. Individual Income Tax Return, Form 1040, in the name of defendant REED's taxpayer-client R.C. for the calendar year 2015. As defendant REED well knew and believed, the return was false and fraudulent as to material matters, in that it falsely claimed a tax liability of $2,209 and a refund in the amount of $5,922, based, in part, upon the following false claims and items:  the return falsely claimed exemptions for dependents, income from a business listed on Schedule C, the earned income credit, the additional child tax credit, and the American Opportunity credit, when, in truth and in fact, as defendant REED then well knew and believed, R.C. did not have the claimed dependents, the amount of income reported for R.C. (including Schedule C business income) was false, and R.C. was not eligible to claim the earned income credit, the additional child tax credit, and the American Opportunity credit, and as such, R.C. was not entitled to the refund as claimed on such tax return.

k.   As a result of the False Returns, defendant agrees that for purposes of calculating the base offense level, the applicable tax loss to the Internal Revenue Service is $2,158,337.

1

## SENTENCING FACTORS

2     13.   Defendant understands that in determining defendant's
3  sentence the Court is required to calculate the applicable Sentencing
4  Guidelines range and to consider that range, possible departures
5  under the Sentencing Guidelines, and the other sentencing factors set
6  forth in 18 U.S.C. § 3553(a).  Defendant understands that the
7  Sentencing Guidelines are advisory only, that defendant cannot have
8  any expectation of receiving a sentence within the calculated
9  Sentencing Guidelines range, and that after considering the
10  Sentencing Guidelines and the other § 3553(a) factors, the Court will
11  be free to exercise its discretion to impose any sentence it finds
12  appropriate up to the maximum set by statute for the crime of
13  conviction.

14     14.   Defendant and the USAO agree to the following applicable
15  Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level:<br>Tax loss More than $1,500,000<br>and less than $3,500,000 | 22 | [U.S.S.G. §§ 2T1.4(a)(1),<br>2T4.1(I)] |
| Specific Offense<br>Characteristics | | |
| Defendant in the business of<br>preparing tax returns | +2 | [U.S.S.G. § 2T1.4(b)(1)(B)] |
| Acceptance of Responsibility: | -3 | [U.S.S.G. § 3E1.1(a)&(b)] |
| Total Offense Level: | 21 | |

23  The USAO will agree to a two-level downward adjustment for acceptance
24  of responsibility (and, if applicable, move for an additional one-
25  level downward adjustment under U.S.S.G. § 3E1.1(b)) only if the
26  conditions set forth in paragraph 2 are met and if defendant has not
27  committed, and refrains from committing, acts constituting
28  obstruction of justice within the meaning of U.S.S.G. § 3C1.1, as

discussed below. Subject to paragraph 26 below, defendant and the USAO agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments, or departures relating to the offense level be imposed. Defendant agrees, however, that if, after signing this agreement but prior to sentencing, defendant were to commit an act, or the USAO were to discover a previously undiscovered act committed by defendant prior to signing this agreement, which act, in the judgment of the USAO, constituted obstruction of justice within the meaning of U.S.S.G. § 3C1.1, the USAO would be free to seek the enhancement set forth in that section and to argue that defendant is not entitled to a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1.

15. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

16. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

17. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a. The right to persist in a plea of not guilty.

    b. The right to a speedy and public trial by jury.

    c. The right to be represented by counsel -- and if necessary have the court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be

represented by counsel -- and if necessary have the court appoint
counsel -- at every other stage of the proceeding.

    d.    The right to be presumed innocent and to have the
burden of proof placed on the government to prove defendant guilty
beyond a reasonable doubt.

    e.    The right to confront and cross-examine witnesses
against defendant.

    f.    The right to testify and to present evidence in
opposition to the charges, including the right to compel the
attendance of witnesses to testify.

    g.    The right not to be compelled to testify, and, if
defendant chose not to testify or present evidence, to have that
choice not be used against defendant.

    h.    Any and all rights to pursue any affirmative defenses,
Fourth Amendment or Fifth Amendment claims, and other pretrial
motions that have been filed or could be filed.

                    WAIVER OF APPEAL OF CONVICTION

    18.    Defendant understands that, with the exception of an appeal
based on a claim that defendant's guilty plea was involuntary, by
pleading guilty defendant is waiving and giving up any right to
appeal defendant's convictions on the offenses to which defendant is
pleading guilty.  Defendant understands that this waiver includes,
but is not limited to, arguments that the statute to which defendant
is pleading guilty is unconstitutional, and any and all claims that
the statement of facts provided herein is insufficient to support
defendant's plea of guilty.

                                 14

1     LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

2         19.  Defendant agrees that, provided the Court imposes a term of

3  imprisonment within or below the range corresponding to an offense

4  level of 21 and the criminal history category calculated by the

5  Court, defendant gives up the right to appeal all of the following:

6  (a) the procedures and calculations used to determine and impose any

7  portion of the sentence; (b) the term of imprisonment imposed by the

8  Court; (c) the fine imposed by the court, provided it is within the

9  statutory maximum; (d) to the extent permitted by law, the

10  constitutionality or legality of defendant's sentence, provided it is

11  within the statutory maximum; (e) the amount and terms of any

12  restitution order, provided it requires payment of no more than

13  $2,158,337; (f) the term of probation or supervised release imposed

14  by the Court, provided it is within the statutory maximum; and

15  (g) any of the following conditions of probation or supervised

16  release imposed by the Court: the conditions set forth in General

17  Order 18-10 of this Court; the drug testing conditions mandated by 18

18  U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use

19  conditions authorized by 18 U.S.C. § 3563(b)(7).

20         20.  The USAO agrees that, provided (a) all portions of the

21  sentence are at or below the statutory maximum specified above and

22  (b) the Court imposes a term of imprisonment within or above the

23  range corresponding to an offense level of 21 and the criminal

24  history category calculated by the Court, the USAO gives up its right

25  to appeal any portion of the sentence, with the exception that the

26  USAO reserves the right to appeal the amount of restitution ordered

27  if that amount is less than $2,158,337.

28

15

## RESULT OF WITHDRAWAL OF GUILTY PLEA

21.   Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## EFFECTIVE DATE OF AGREEMENT

22.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

23.   Defendant agrees that if defendant, at any time after the effective date of this agreement, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the

16

express agreement of the USAO in writing.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

24.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then:

a.  Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.  Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.  Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any

17

1  evidence derived from the statements should be suppressed or are
2  inadmissible.

3  COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES
4  OFFICE NOT PARTIES

5  25. Defendant understands that the Court and the United States
6  Probation and Pretrial Services Office are not parties to this
7  agreement and need not accept any of the USAO's sentencing
8  recommendations or the parties' agreements to facts or sentencing
9  factors.

10  26. Defendant understands that both defendant and the USAO are
11  free to: (a) supplement the facts by supplying relevant information
12  to the United States Probation and Pretrial Services Office and the
13  Court, (b) correct any and all factual misstatements relating to the
14  Court's Sentencing Guidelines calculations and determination of
15  sentence, and (c) argue on appeal and collateral review that the
16  Court's Sentencing Guidelines calculations and the sentence it
17  chooses to impose are not error, although each party agrees to
18  maintain its view that the calculations in paragraph 14 are
19  consistent with the facts of this case. While this paragraph permits
20  both the USAO and defendant to submit full and complete factual
21  information to the United States Probation and Pretrial Services
22  Office and the Court, even if that factual information may be viewed
23  as inconsistent with the facts agreed to in this agreement, this
24  paragraph does not affect defendant's and the USAO's obligations not
25  to contest the facts agreed to in this agreement.

26  27. Defendant understands that even if the Court ignores any
27  sentencing recommendation, finds facts or reaches conclusions
28  different from those agreed to, and/or imposes any sentence up to the

18

1  maximum established by statute, defendant cannot, for that reason,

2  withdraw defendant's guilty plea, and defendant will remain bound to

3  fulfill all defendant's obligations under this agreement.   Defendant

4  understands that no one -- not the prosecutor, defendant's attorney,

5  or the Court -- can make a binding prediction or promise regarding

6  the sentence defendant will receive, except that it will be within

7  the statutory maximum.

8                          NO ADDITIONAL AGREEMENTS

9        28.   Defendant understands that, except as set forth herein,

10  there are no promises, understandings, or agreements between the USAO

11  and defendant or defendant's attorney, and that no additional

12  promise, understanding, or agreement may be entered into unless in a

13  writing signed by all parties or on the record in court.

14  //

15  //

16  //

17

18

19

20

21

22

23

24

25

26

27

28

1     PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2         29.   The parties agree that this agreement will be considered

3     part of the record of defendant's guilty plea hearing as if the

4     entire agreement had been read into the record of the proceeding.

5     AGREED AND ACCEPTED

6     UNITED STATES ATTORNEY'S OFFICE
      FOR THE CENTRAL DISTRICT OF
7     CALIFORNIA

8     NICOLA T. HANNA
      United States Attorney
9

10    _____        7/25/19
                                                Date
11    VALERIE L. MAKAREWICZ
      Assistant United States Attorney
12

13    _____        6/28/19
                                                Date
14    DENNIS L. REED II
      Defendant
15

16

17    _____        JUNE 28, 2019
      PAUL R. DEPASQUALE                        Date
18    Attorney for Defendant DENNIS L.
      REED II
19

20

21

22

23

24

25

26

27

28
                           20

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____     6/28/19
DENNIS L. REED II                   Date
Defendant

21

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am DENNIS L. REED II's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

_____     JUNE 28, 2019
PAUL R. DePASQUALE                   Date
Attorney for Defendant DENNIS L.
REED II

22

<u>EXHIBIT A</u>

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>DENNIS L. REED II,<br><br>      Defendant. | CR No. 19-<br><br>I N F O R M A T I O N<br><br>[26 U.S.C. § 7206(2): Aiding and Assisting in Preparation of False Income Tax Return] |

The United States Attorney charges:

COUNT ONE

[26 U.S.C. § 7206(2)]

On or about February 19, 2018, in Riverside County, within the Central District of California and elsewhere, defendant DENNIS L. REED II ("REED"), a resident of Hemet, California, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of a false and fraudulent U.S. Individual Income Tax Return, Form 1040, in the name of defendant REED's taxpayer-client K.H. for the calendar year 2017. As defendant REED well knew and believed, the return was false and fraudulent as to material matters, in that it falsely claimed a tax liability of $308 and a refund in the amount of $5,492, based, in

23

part, upon the following false claims and items:  the return falsely claimed an exemption for a dependent, income from a business listed on Schedule C, the earned income credit, the additional child tax credit, and the American Opportunity credit, and when, in truth and in fact, as defendant then well knew and believed, K.H. did not have the claimed dependent, the amount of income reported for K.H. (including Schedule C business income) was false, and K.H. was not eligible to claim the earned income credit, the additional child tax credit, and the American Opportunity credit, and as such, K.H. not entitled to the refund as claimed on such tax return.

COUNT TWO

[26 U.S.C. § 7206(2)]

On or about March 3, 2016, in Riverside County, within the Central District of California and elsewhere, defendant DENNIS L. REED II ("REED"), a resident of Hemet, California, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of a false and fraudulent U.S. Individual Income Tax Return, Form 1040, in the name of defendant REED's taxpayer-client R.C. for the calendar year 2015. As defendant REED well knew and believed, the return was false and fraudulent as to material matters, in that it falsely claimed a tax liability of $2,209 and a refund in the amount of $5,922, based, in part, upon the following false claims and items:  the return falsely claimed exemptions for dependents, income from a business listed on Schedule C, the earned income credit, the additional child tax credit, and the American Opportunity credit, when, in truth and in fact, as defendant REED then well knew and believed, R.C. did not have the claimed dependents, the amount of income reported for R.C. (including Schedule C business income) was false, and R.C. was not eligible to claim the earned income credit, the additional child tax credit, and the American Opportunity credit, and as such, R.C. was not entitled to the refund as claimed on such tax return.

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

RANEE KATZENSTEIN
Assistant United States Attorney
Chief, Major Frauds Section

MONICA E. TAIT
Assistant United States Attorney
Deputy Chief, Major Frauds Section

VALERIE L. MAKAREWICZ
Assistant United States Attorney
Major Frauds Section